UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
Dr. PAUL ANTHONY VASSEL, Pastor, as
Next Friend to ROHAN JOHNSON,

    Petitioner,

-against-

ERROL D. TOULON, dba SUFFOLK COUNTY
SHERIFF; YAPHANK CORRECTIONAL
FACILITY; SUFFOLK COUNTY DISTRICT
ATTORNEY Bond Servants; SUFFOLK
COUNTY POLICE DEPARTMENT; SUFFOLK
COUNTY POLICE COMMISSIONER; NEW
YORK STATE COMPTROLLER,

    Respondents.
----------------------------------X
----------------------------------X
Dr. PAUL ANTHONY VASSEL, Pastor, as
Next Friend to ROHAN JOHNSON,

    Petitioner,

-against-

ERROL D. TOULON, dba SUFFOLK COUNTY
SHERIFF; YAPHANK CORRECTIONAL
FACILITY; SUFFOLK COUNTY DISTRICT
ATTORNEY Bond Servants; SUFFOLK
COUNTY POLICE DEPARTMENT; SUFFOLK
COUNTY POLICE COMMISSIONER; NEW
YORK STATE COMPTROLLER,

    Respondents.
----------------------------------X

**Not for Publication**

**MEMORANDUM & ORDER**

18-CV-2238(KAM)

18-CV-2270(KAM)

**MATSUMOTO, United States District Judge:**

    On April 16 and 17, 2018, Dr. Paul Anthony Vassel ("Vassel"), appearing *pro se*, commenced the above-captioned actions by filing identical petitions for a writ of habeas

corpus on behalf of Rohan Johnson ("petitioner"). (*See* First Petition, ECF/*Vassel I* No. 1; Second Petition, ECF/*Vassel II* No. 1.)[1] The petition filed on April 17, 2018 was originally assigned to the Honorable Joanna Seybert, and was reassigned to the undersigned judge on May 1, 2018. (May 1, 2018 ECF/*Vassel II* Docket Order.) According to the petitions, petitioner Rohan Johnson is currently detained at the Yaphank Correctional Facility based on a warrant issued by a state court in Suffolk County on April 11, 2018. (First Petition at 1-2; Second Petition at 1-2.) For the reasons set forth below, each petition is dismissed without prejudice.[2]

## DISCUSSION

A habeas corpus petition may be brought either "by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. When a person other than the petitioner files the application, that "next friend" must

---

[1] References to "ECF/*Vassel I*" are to documents filed on the electronic docket in case number 18-CV-2238. References to "ECF/*Vassel II*" are to documents filed on the electronic docket in case number 18-CV-2270. The cases are not consolidated, but because the petitions in both actions are identical, the court addresses both in this order.

[2] In addition to the petitions, Vassel has submitted to the court a number of documents which bear a note indicating that they are "for the record" in case number 18-CV-2270, the action initiated by the filing of the April 17, 2018 petition. (*See* Documents, ECF/*Vassel II* No. 3.) The documents bear stamps indicating that they have been received by the Suffolk County District Attorney and the Suffolk County District Court. (*Id.* at 1.) Although the documents have been docketed in case number 18-CV-2270, the documents appear to relate to a pending action in the Suffolk County District Court and, having undertaken a thorough review of the documents, the court cannot discern any relevance that the documents may have to the instant habeas corpus petition.

2

demonstrate that he or she has standing to act on the petitioner's behalf. The Supreme Court has identified "at least two firmly rooted prerequisites for 'next friend' standing" in the habeas corpus context:

> First, a "next friend" must provide an adequate explanation – such as inaccessibility, mental incompetence, or other disability – why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest.

*Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990) (citations omitted).

Additionally, "[t]he burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 164 (citations omitted).

Here, Vassel fails to demonstrate why petitioner is unable to litigate his own case. Thus, the court finds that Vassel has not met his burden establish the propriety of his status to appear as "next friend" and that Vassel lacks standing to bring a habeas corpus application on behalf of petitioner.[3]

---

[3] Vassel is no stranger to this court. He has filed the following cases: *Vassel v. Firststorm Properties*, No. 17-CV-691(KAM)(RER) (E.D.N.Y.) (filed Feb. 7, 2017); *Vassel v. Firststorm Properties*, No. 13-CV-987(KAM)(RER) (E.D.N.Y.) (filed Feb. 19, 2013); *Vassel v. Greystone Bank*, No. 12-CV-5704(KAM)(RER) (E.D.N.Y.) (filed Nov. 19, 2012).

In any event, even if Vassel had standing to initiate and maintain the instant action as "next friend" to petitioner, the petition would be dismissed as premature. There are no allegations that petitioner has exhausted his available state court remedies. "Although not a statutory requirement, [28 U.S.C. §] 2241 has been interpreted as requiring a petitioner to exhaust available state court or administrative remedies prior to seeking any relief thereunder in federal court." *Robinson v. Sposato*, No. 11-CV-191(SJF), 2012 WL 1965631, at *2 (E.D.N.Y. May 29, 2012) (citations omitted); *accord United States ex rel. Scranton v. State of N. Y.*, 532 F.2d 292, 294 (2d Cir. 1976) ("While 28 U.S.C., Section 2241 does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism." (citations omitted)).

Furthermore, a federal habeas corpus petition cannot be used to effect the "derailment of a pending state court criminal proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493 (1973); *accord Allen v. Maribal*, No. 11-CV-2638(KAM), 2011 WL 3162675 at *1 (E.D.N.Y. Jul. 25, 2011) (citations omitted). Thus, dismissal of the instant petitions is appropriate to the extent Vassel

4

seeks to use them to litigate constitutional defenses on petitioner's behalf.

Finally, this court may not intervene in an ongoing state criminal proceeding. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court concluded that although federal courts have the power to enjoin state criminal proceedings "when absolutely necessary for protection of constitutional rights . . . this may not be done, except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate." *Id.* at 45. Regarding the severity of the injury that could justify a federal court's intrusion into an ongoing state criminal proceeding, the Supreme Court noted that

> Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered "irreparable" in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution.

*Id.* at 46 (citing *Ex Parte Young*, 209 U.S. 123, 145-47 (1908)).

In *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69 (2013), the Supreme Court clarified that *Younger* abstention is required where a federal action parallels one of three types of state court proceedings:

> First, *Younger* preclude[s] federal intrusion into ongoing state criminal prosecutions. Second, certain 'civil enforcement proceedings' warrant[]

5

> abstention. Finally, federal courts [must] refrain[] from interfering with pending "civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions."

Id. at 78 (quoting and citing New Orleans Pub. Serv., Inc. v. Council of City of New Orleans ("NOPSI"), 491 U.S. 350, 368 (1989)); see also id. ("We have not applied Younger outside these three 'exceptional' categories, and today hold, in accord with NOPSI, that they define Younger's scope.").

Here, the petitions make no allegation of extraordinary circumstances that would warrant the federal courts' intrusion into petitioner's state criminal proceeding. Therefore, to the extent Vassel seeks to have the court intervene in petitioner's state court proceedings, the court must abstain under Younger.

## CONCLUSION

For the reasons set forth above, the court concludes that Vassel may not file the instant habeas corpus petitions as "next friend" to petitioner Rohan Johnson and, therefore, the petitions for a writ of habeas corpus are dismissed without prejudice. A certificate of appealability shall not issue, as petitioner has not made a substantial showing of the denial of constitutional right. See 28 U.S.C. § 2253. Although the filing fee was paid to commence this action, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal

6

from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). The Clerk of Court is respectfully directed to mail a copy of this order and an appeals packet to Vassel at his address of record and to petitioner Rohan Johnson at his last known address, 53 Crown Street, Deer Park, New York 11729, to note service on the docket, and to close these cases.

**SO ORDERED.**

Dated: June 8, 2018
Brooklyn, New York

_____/s/_____
Kiyo A. Matsumoto
United States District Judge